UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJON MAREQUIS DOUGLAS,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL PICTURES,<br><br>Defendant. | No. 2:23-cv-2327 KJM AC (PS)<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

I.  SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the

1

1 court will (1) accept as true all of the factual allegations contained in the complaint, unless they
2 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
3 plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von
4 Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.
5 denied, 564 U.S. 1037 (2011).

6       The court applies the same rules of construction in determining whether the complaint
7 states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court
8 must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must
9 construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
10 less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520
11 (1972).  However, the court need not accept as true conclusory allegations, unreasonable
12 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
13 624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice
14 to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,
15 556 U.S. 662, 678 (2009).

16       To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
17 state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "A claim has
18 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
19 reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at
20 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
21 to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.
22 Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

23     A.  The Complaint

24     Plaintiff sues defendant for stealing his intellectual property.  It appears plaintiff believes
25 that defendant is observing his life and putting it in film.[1]  The entire substance of the complaint
26 reads as follows: "The Best Man Film is full of pieces and or fragments of my real life, my real

---

[1] Plaintiff filed a similar case in this court against Walt Disney.  Douglas v. Disney, 2:23-cv-02328 TLN AC.

life. Intellectual property in copying these real events. [unintelligible] "whatever man" famous line. Things that need to be accounted for. THE BEST MAN claim." Id. at 5. Plaintiff contends he is owed $150,000 in damages. Id. at 6.

### B. Analysis

Plaintiff does not state a claim upon which relief can be granted, and his complaint must be dismissed. The complaint does not contain facts supporting any cognizable legal claim against any defendant. The court finds that the complaint consists entirely of delusional allegations. The contents of the complaint make it apparent that amendment would be futile. The undersigned will therefore recommend that the complaint be dismissed with prejudice. Noll, 809 F.2d at 1448.

## II. CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

Additionally, the undersigned recommends that the complaint (ECF No. 1) be DISMISSED with prejudice because it fails to state a claim upon which relief can be granted. It is further recommended that leave to amend not be granted because amendment would be futile.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 18, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3